BOOKSTAVER *et al.* v. JAYNE *et al.,*\* appellants.

*Evidence — parol agreement — failure of consideration.*

In an action upon a promissory note payable to the order of defendant, and indorsed by him to plaintiffs, *held* that it was incompetent to show an oral agreement between plaintiffs and defendant at the time of the transfer, whereby the former were to discontinue a pending suit by them against the maker and apply the note upon the debt sued upon, and renew the note when due, which agreement plaintiffs did not fulfill. Such evidence would be no defense to the defendant in the absence of an allegation of damages sustained and a counter-claim.

APPEAL from a judgment at circuit rendered in favor of plaintiffs. The action was brought by William Bookstaver, Hiram J. Dwight Miner, Edwin Isham, George Bradley and William O'Neil, against William Glenny and B. G. Jayne, upon a promissory note for $4,000,

---

\* The case of *Bookstaver* v. *Glenny, ante,* p. 248, was brought upon notes given at the same time with the ones mentioned in this suit, and a similar defense was sustained.

made February 11, 1873, by defendant Glenny, payable in three months to the order of defendant Jayne, and indorsed by Jayne to plaintiffs. The answer alleged that the consideration of the indorsement was the agreement of the plaintiffs to discontinue a pending suit by plaintiffs against Glenny, and after crediting the note on the debt sued upon, to make such advances as might be necessary to carry Glenny through a period of business embarrassment, and an agreement to renew the note when due. The answer alleged that plaintiffs had not fulfilled their agreement. On the trial, the evidence, which was oral, offered to support the answer was excluded, and the court directed a verdict in plaintiffs' favor for the amount of the note. The defendants appealed from the judgment to this court.

*Walter W. Holt,* for appellant. When the principal contract is oral, and a written instrument is executed in part performance of the parol agreement, the contract is not merged in the writing, and the parol agreement is neither superseded nor extinguished. *Johnson* v. *Hathorn,* 3 Keyes, 126; *Hutchins* v. *Hebbard,* 34 N. Y. 24; *Barker* v. *Bradley,* 42 id. 316. It may always be shown by parol what consideration was paid or agreed to be paid by the indorsee to the indorser, for the purpose of fixing the extent of the liability. *Brown* v. *Mott,* 7 Johns. 361; *Bramen* v. *Hess,* 13 id. 52; *Munn* v. *Commission Co.,* 15 id. 44; *Cram* v. *Hendricks,* 7 Wend. 569; *Ingalls* v. *Lee,* 9 Barb. 647; *Herrick* v. *Carman,* 10 Johns. 224; *Comstock* v. *Hoag,* 5 Wend. 600.

An agreement may be shown by parol by which the second indorser may be liable to the first indorser. *Moore* v. *Cross,* 19 N. Y. 227; *Phelps* v. *Vischer,* 50 id. 69. See, also, *Seymour* v. *Cowing,* 1 Keyes, 532; *Benton* v. *Martin,* 52 N. Y. 570; *Kasson* v. *Smith,* 8 Wend. 437; *Rochester* v. *Taylor,* 23 Barb. 18; *Small* v. *Smith,* 1 Denio, 583; *Wardell* v. *Howell,* 9 Wend. 176. When the consideration of the indorsement is the executory agreement of the indorser, such agreement may be shown, and a breach of such agreement may defeat recovery. *Petry* v. *Christy,* 19 Johns. 53; *Sherman* v. *White,* How. App. Cas. 29, 39; *Sawyer* v. *Chambers,* 44 Barb. 42.

*John Ganson,* for respondents, cited *Hoare* v. *Graham,* 3 Camp. 57; *Fell* v. *Hawkins,* 8 Taunt. 92; 2 Pars. on Bills and Notes, 503–506.

GILBERT, J. The legal effect of an indorsement of a bill or note cannot be controlled or varied by parol evidence. It is as much within the protection of the rule which forbids the introduction of such evidence as the language of a written contract. *Campbell* v. *Hodgson*, Gow. 74; *Horne* v. *Graham*, 3 Camp. 57; *Pollock* v. *Bradbury*, 8 Moore's P. C. C. 227; *Salmon* v. *Webb*, 3 H. L. Cas. 510; *Barry* v. *Ransom*, 12 N. Y. 462. The court, therefore, properly rejected the evidence offered of the alleged agreement to renew the note.

With respect to the other agreements alleged, namely, that the pending action should be discontinued, and that the note in suit should be applied in payment of the debt due from the maker to the plaintiffs, they were entirely collateral to the contract sued on, and constituted no defense in the absence of an allegation of damages sustained.

It does not appear from the answer that the indorser was in any way interested in having the agreements enforced, or that he has sustained any damages in consequence of the alleged breach. If the facts offered to be proved were available to the defendant, he should have set them up as a counter-claim. Not having done so, the evidence was inadmissible. Another answer is, that the maker of the note was a party to the agreement alleged, and he makes no defense. If the defendant has any cause of action against the plaintiffs he must seek his remedy in an appropriate form.

The defense founded on the proceedings in bankruptcy was properly waived on the argument.

The judgment should be affirmed, with costs.

*Judgment affirmed.*